IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY ) | |
| COMMISSION, ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| GEORGIA POWER COMPANY ) | |
| ) | JURY TRIAL DEMAND |
| and ) | |
| ) | |
| GARNEY CONSTRUCTION CO., ) | |
| ) | |
| Defendants. | |
| _____ | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Brian Mimmovich who was adversely affected by such practice, as alleged with greater particularity in paragraph 11, below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practice alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Georgia Power Company ("Georgia Power"), has continuously been a Georgia corporation doing business in the State of Georgia and has continuously had at least 15 employees.

5. At all relevant times, Defendant Georgia Power has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Georgia Power has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant, Garney Construction Co. ("Garney"), has continuously been a Missouri corporation doing business in the State of Georgia and has continuously had at least 15 employees.

8. At all relevant times, Defendant Garney has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9. At all relevant times, Defendant Garney has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

10.  More than thirty days prior to the institution of this lawsuit, Brian Mimmovich filed charges with the Commission alleging a violation of Title I of the ADA by Defendant Georgia Power and Defendant Garney.  All conditions precedent to the institution of this lawsuit have been fulfilled.

11.  On or about October 2, 2008, Defendant Garney engaged in the following unlawful employment practices in Georgia, in violation of Section 102(b)(1) of Title I of the ADA, 42 U.S.C. §12112(b)(1), by refusing to hire Brian Mimmovich because of his disability, epilepsy.

(a)  At all relevant times, Brian Mimmovich has had epilepsy which has been controlled by medication since 1988, during which time he has not had a seizure;

(b)  On or about August 6, 2008, Garney entered into a contractual agreement with Georgia Power whereby it agreed to provide construction services at Georgia Power's power generation plant in Juliette, Georgia.  The contract specifically provided that all equipment operators hired by Garney to work on the Georgia Power construction site must pass a physical examination.  Georgia Power required equipment operators to pass a DOT, ASME B30.5, or equivalent medical examination.  Some or all of these

medical examinations disqualified applicants for employment who had a history of seizures and/or were on medication for seizures.

(c)   In September 2008, Garney made a conditional offer of employment to Mimmovich to work as an equipment operator on the Georgia Power construction site.  Mimmovich took the pre-employment physical examination required of all Garney employees.  Because the contractual agreement with Georgia Power required Garney to have its equipment operators pass a physical examination, Garney required him to take a DOT medical examination based upon Georgia Power's instructions. Mimmovich did not meet the requirements of the DOT examination because of his disability, epilepsy.  On or about October 2, 2008, Garney withdrew the conditional offer of employment previously made to Mimmovich.

(d)   Defendant Garney failed and refused to hire Mimmovich because of his disability.

12.   On or about October 2, 2008, Defendant Georgia Power engaged in the following unlawful employment practices in Georgia, in violation of Section 503(b) of Title I of the ADA, 42 U.S.C. §12112(b)(1), by causing Defendant Garney to refuse to hire Brian Mimmovich because of his disability, epilepsy.

(a) At all relevant times, Brian Mimmovich has had epilepsy which has been controlled by medication since 1988, during which time he has not had a seizure;

(b) On or about August 6, 2008, defendant Georgia Power entered into a contractual agreement with defendant Garney whereby defendant Garney agreed to provide construction services at Georgia Power's power generation plant in Juliette, Georgia. The contract specifically provided that all equipment operators hired by Garney to work on the Georgia Power construction site must pass a physical examination. Georgia Power required equipment operators to pass a DOT, ASME B30.5, or equivalent medical examination. Some or all of these medical examinations disqualified applicants for employment who had a history of seizures and/or were on medication for seizures.

(c) In September 2008, Garney made a conditional offer of employment to Mimmovich to work as an equipment operator on the Georgia Power construction site. Because the contractual agreement with Georgia Power required Garney to have its equipment operators pass a physical examination and because it was instructed by Georgia Power to administer all its prospective equipment operators assigned to the Juliette job-site a DOT physical examination, Garney required him to take a DOT

6

medical examination. Mimmovich did not meet the requirements of the DOT examination because of his disability, epilepsy. On or about October 2, 2008, Garney withdrew the conditional offer of employment previously made to Mimmovich.

(d) On two occasions prior to 2009, Garney employed Mimmovich as a heavy equipment operator on job-sites not controlled by Georgia Power. On both of those occasions Garney did not require its equipment operators to pass the DOT physical examination and Mimmovich passed the pre-employment physical examination required by Garney.

(e) Garney did not require its equipment operators who were hired to work on job-sites not controlled by Georgia Power to pass a DOT physical examination.

(f) Georgia Power required that Garney refuse to employ Mimmovich because he had not passed the DOT physical examination. The only reason that Garney refused to hire Mimmovich was Georgia Power's requirement that all of its equipment operators pass the DOT physical examination before they would be allowed to work at the Juliette Power Plant job-site.

  (g) Georgia Power's actions interfered with Mimmovich's employment relationship with Garney by requiring Garney to refuse to hire him because of his disability.

13. The effect of the practices complained of in paragraphs 11 and 12, above have been to deprive Brian Mimmovich of equal employment opportunities and otherwise adversely affect his status as an applicant because of his disability.

14. The unlawful employment practices complained of in paragraphs 11 and 12, above were intentional.

15. The unlawful employment practice complained of in paragraphs 11 and 12, above were done with malice or with reckless indifference to the federally protected rights of Brian Mimmovich.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Garney, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to hire qualified persons with disabilities.

B. Grant a permanent injunction enjoining Defendant Georgia Power, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from interfering with the exercise and enjoyment of

individuals' rights under the ADA, including causing employers with whom it contracts to refuse to hire qualified persons with disabilities.

  C. Order Defendants Georgia Power and Garney to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

  D. Order Defendants Georgia Power and Garney to make whole Brian Mimmovich, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practice.

  E. Order Defendants Georgia Power and Garney to make whole Brian Mimmovich by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 and 12, above, in amounts to be determined at trial.

  F. Order Defendants Georgia Power and Garney to make whole Brian Mimmovich by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11 and 12, above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendants Georgia Power and Garney to pay Brian Mimmovich punitive damages for their malicious and reckless conduct, as described in paragraphs 11 and 12, above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

BARBARA A. SEELY
Regional Attorney
314-539-7910
barbara.seely@eeoc.gov

C. FELIX MILLER
Supervisory Trial Attorney
314- 539-7914
felix.miller@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, Missouri 63103
314- 539-7895 (Facsimile)

 /s/ Jeff A. Lee_____
JEFF A. LEE,
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, Oklahoma 73102
405-231-4375
Jeff.lee@eeoc.gov
405-231-5816 (facsimile)


 /s/ James L. Cerwinski_____ ___
JAMES L. CERWINSKI, No. 277846
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama st., SW, Suite 4R30
Atlanta, Georgia 30303
404-562-6986
james.cerwinski@eeoc.gov
404-562-6905 (facsimile)